**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Civil Action No.:**

**ANDREW LESSMAN AND PROCAPS**
**LABORATORIES, INC. d/b/a PROCAPS**
**LABORATORIES, PROCAPS LABS,**
**ANDREW LESSMAN'S PROCAPS LABS,**
**and PROCAPS LABORATORIES BY**
**ANDREW LESSMAN,**

     *Plaintiffs,*

    v.          **JURY TRIAL DEMANDED**

**PROCAPS GROUP, S.A.,**

     *Defendants.*

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs Andrew Lessman and ProCaps Laboratories, Inc. d/b/a ProCaps Laboratories, ProCaps Labs, Andrew Lessman's ProCaps Labs, and ProCaps Laboratories by Andrew Lessman ("Plaintiffs" or "ProCaps"), by and through the undersigned attorneys, commence this action against Defendant Procaps Group, S.A. ("Procaps Group") to stop serious irreparable harm to Plaintiffs' celebrated ProCaps brand. For their complaint, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.   This is a complaint for the following causes of action resulting from Defendant's blatant, ongoing, intentional misconduct: trademark infringement (15 U.S.C. § 1114); false designation of origin and unfair competition (15 U.S.C. § 1125(a)); federal trademark dilution (15 U.S.C. § 1052(c)); Florida Common Law Trade Dress Infringement and Unfair Competition (Fla. Stat. § 495.161); Florida Common Law Trademark Infringement; Florida Deceptive and Unfair

Trade Practices Act (Fla. Stat. § 501.203); and cybersquatting (15 U.S.C. § 1125(d)).

2.      For three decades, Plaintiffs have owned and used the famous ProCaps trade name and family of ProCaps-related marks (collectively, the "ProCaps Marks"). Plaintiffs' rights in the United States are exclusive and incontestable, and Plaintiffs have continuously used the ProCaps Marks to identify their high quality goods as genuine and authorized. The ProCaps Marks are thus well-recognized signifiers of ProCaps' best-in-class products.

3.      Defendant Procaps Group has helped itself to Plaintiffs' ProCaps Marks and accompanying goodwill. Defendant is not authorized and has no right to use the ProCaps Marks. Nonetheless, Defendant has repeatedly and unlawfully used the ProCaps Marks in connection with its inferior products—without permission or any lawful basis to do so.

4.      Plaintiffs have informed Defendant, and Defendant has all-but-acknowledged its improper use. Even so, Defendant's misappropriation and unfair competition have continued. Defendant's conduct is intentional, unauthorized, and clearly illegal. The Court should enjoin it and award Plaintiffs the damages and other relief requested below.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331, 1338(a), and 2201(a). This Court can exercise supplemental jurisdiction over the state and common law claims under 28 U.S.C. § 1367.

6.      Personal jurisdiction over Defendant is proper because it has conducted, engaged in, and carried out business ventures, and committed tortious acts and other wrongdoings within Florida and this judicial district.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because the Defendant is subject to personal jurisdiction in this judicial district and a substantial part of

Defendant's acts, events, and/or omissions giving rise to the claims occurred and/or are occurring in this District.

## THE PARTIES

8.      Plaintiff Andrew Lessman is the founder of ProCaps Laboratories, Inc. ProCaps Laboratories, Inc. is a Nevada corporation with its headquarters and principal place of business in Henderson, Nevada.

9.      Upon information and belief, Procaps Group, S.A. is a Luxembourg company, with its headquarters located at 9 Rue De Bitbourg, L-1273 Luxembourg, Grand Duchy of Luxembourg, and its principal place of business located at Calle 80 No. 78B-201, 080020 Barranquilla, Colombia.

10.      Upon information and belief, Procaps Group develops, manufactures, and markets over-the-counter pharmaceutical products, prescription pharmaceutical drugs, and nutritional supplements in South America, Central America, and North America, including the United States.

11.      Upon information and belief, on December 31, 2021, Procaps Group acquired an 86,000 square foot pharmaceutical production facility located in West Palm Beach, Florida with capacity to produce approximately 1.8 billion capsules per year.

## FACTUAL BACKGROUND

### A.      Andrew Lessman and ProCaps

12.      Plaintiff Andrew Lessman founded the company that would eventually become ProCaps Laboratories in 1979, at the start of the modern era of dietary supplements in the United States. Mr. Lessman saw that the existing market for vitamin supplements was occupied by low-quality, tableted, additive-laden supplements. Mr. Lessman set out to create an additive-free line of supplements in easy-to-swallow capsules.

13.      ProCaps has established a reputation for uncompromising quality and commitment

to the environment. ProCaps is unique for its 100% pure, additive-free supplements and for its use of solar power to produce them. The ProCaps manufacturing facility contains one of the largest solar energy installations in the world and is one of few manufacturing facilities to acquire LEED Existing Building (EB) GOLD status. ProCaps is the only supplement manufacturing facility in the world to rely exclusively on solar power.

14.     To bring its products to a growing market while maintaining its unparalleled quality, ProCaps has long relied on direct response marketing, which allows consumers to purchase ProCaps products directly from the manufacturer. Early direct response advertisements were placed in leading magazines and newspapers, on radio, and on television. During the late 1980s, when television retailing was in its infancy, Mr. Lessman became the first to offer nutritional supplements on television, first on QVC and later on the Home Shopping Network (HSN). Eschewing the showmanship and "entertainment" aspects of much television advertising, Mr. Lessman elected to go on-air himself to ensure an informative and education-based presentation of ProCaps products.

15.     ProCaps products have been heavily promoted and purchased through various media, including thousands of hours on TV-retailing giants QVC and HSN since January 1990. ProCaps products have also been marketed and sold at ProCaps.com, ProCapsLabs.com, Amazon.com, HSN.com, and QVC.com for more than 20 years.

16.     Since Mr. Lessman created his first supplement, ProCaps has led the industry in research, development, and innovation, evolving its formulas based on new advancements in science and the changing needs of its customers, and maintaining its core commitment to enhancing health naturally by sustaining and ethnically creating the safest, purest, and most effective nutritional supplements.

**B.**     **ProCaps Trademarks**

17.     Mr. Lessman and ProCaps have owned and used the ProCaps mark for three decades. To protect its intellectual property rights and the goodwill associated with the business, ProCaps commenced use in commerce, registered, and maintained ownership of numerous trademarks.

18.     Beginning in 1993, ProCaps has registered various trademarks with the U.S. Patent and Trademark Office, as shown in the chart below:

| Mark | U.S. Reg. No. & Date of First Use | Goods and Services |
|---|---|---|
| Pro Caps | 1878198 February 1, 1993 | Vitamins and dietary supplements |
| Andrew Lessman ProCaps Laboratories | 6260327 June 2, 2020 | Dietary supplements; Dietary supplements for human consumption; Dietary supplements for pets |
| Andrew Lessman ProCaps Labs | 6063068 November 7, 2019 | Vitamin supplements |
| Andrew Lessman ProCaps | 6052794 October 7, 2019 | Dietary supplements; Dietary supplements for humans and animals; Dietary and nutritional supplements; Dietary food supplements; Herbal supplements; Mineral supplements; Nutritional supplements; Vitamin supplements |

19.     These registered ProCaps Marks issued and became famous long before Defendant began engaging in the conduct complained of in this Complaint.

20.     ProCaps continues to own exclusive and incontestable rights in the mark "Pro Caps" (U.S. Trademark Registration No. 1878198, attached hereto as **Exhibit A**) for "vitamins and dietary supplements." ProCaps filed the USPTO trademark application on January 11, 1993; and first commenced use in commerce of the mark for the listed services at least as early

as on February 1, 1993. ProCaps' use in commerce has been valid, continuous, renewed, and has not been abandoned.

21.     The USPTO issued U.S. Trademark Registration No. 1878198 for the mark "Pro Caps" on February 7, 1995. Said USPTO Trademark Registration is valid, subsisting, and continuous in accordance with Section 8 of the Lanham Act, 15 U.S.C. § 1058; incontestable in accordance with Section 15 of the Lanham Act, 15 U.S.C. § 1065; renewed in accordance with Section 9 of the Lanham Act, 15 U.S.C. § 1059; and with exclusive right to use the mark, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), as shown by the attached USPTO TSDR Status Records, attached hereto as **Exhibit B**.

22.     ProCaps continues to own exclusive rights in the mark "Andrew Lessman ProCaps Laboratories (U.S. Trademark Registration No. 6260327, attached hereto as **Exhibit C**) for "Dietary supplements; Dietary supplements for human consumption; Dietary supplements for pets." ProCaps filed the USPTO trademark application for Andrew Lessman ProCaps Laboratories on June 24, 2020; first commenced use in commerce of the mark Andrew Lessman ProCaps Laboratories, U.S. Trademark Registration No. 6260327, for the listed services at least as early as June 22, 2020. ProCaps' use in commerce has been valid, continuous, renewed, and has not been abandoned.

23.     The USPTO issued U.S. Trademark Registration No. 6260327 for the mark Andrew Lessman ProCaps Laboratories on February 2, 2021. Said USPTO Trademark Registration is valid, subsisting, and continuous in accordance with Section 8 of the Lanham Act, 15 U.S.C. § 1058; renewed in accordance with Section 9 of the Lanham Act, 15 U.S.C. § 1059; and with exclusive right to use the Andrew Lessman ProCaps Laboratories mark, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), as shown by the attached USPTO TSDR Status Records, attached hereto as **Exhibit D**.

24.     ProCaps continues to own exclusive rights in the mark Andrew Lessman ProCaps Labs (U.S. Trademark Registration No. 6063068, attached hereto as **Exhibit E**) for "Vitamin supplements." ProCaps filed the USPTO trademark application for Andrew Lessman ProCaps Labs on September 26, 2019; first commenced use in commerce of the mark Andrew Lessman ProCaps Labs, U.S. Trademark Registration No. 6063068, for the listed services at least as early as November 7, 2019. ProCaps' use in commerce has been valid, continuous, renewed, and has not been abandoned.

25.     The USPTO issued U.S. Trademark Registration No. 6063068 for the mark Andrew Lessman ProCaps Labs on May 16, 2020. Said USPTO Trademark Registration is valid, subsisting, and continuous in accordance with Section 8 of the Lanham Act, 15 U.S.C. § 1058; renewed in accordance with Section 9 of the Lanham Act, 15 U.S.C. § 1059; and with exclusive right to use the Andrew Lessman ProCaps Labs mark, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), as shown by the attached USPTO TSDR Status Records, attached hereto as **Exhibit F**.

26.     ProCaps continues to own exclusive rights in the mark Andrew Lessman ProCaps (U.S. Trademark Registration No. 6052794, attached hereto as **Exhibit G**) for "Dietary supplements; Dietary supplements for humans and animals; Dietary and nutritional supplements; Dietary food supplements; Herbal supplements; Mineral supplements; Nutritional supplements; Vitamin supplements." ProCaps filed the USPTO trademark application for Andrew Lessman ProCaps on October 10, 2019; first commenced use in commerce of the mark Andrew Lessman ProCaps, U.S. Trademark Registration No. 6052794, for the listed services at least as early as October 10, 2019. ProCaps' use in commerce has been valid, continuous, renewed, and has not been abandoned.

27.     The USPTO issued U.S. Trademark Registration No. 6052794 for the mark Andrew

Lessman ProCaps on May 12, 2020. Said USPTO Trademark Registration is valid, subsisting, and continuous in accordance with Section 8 of the Lanham Act, 15 U.S.C. § 1058; renewed in accordance with Section 9 of the Lanham Act, 15 U.S.C. § 1059; and with exclusive right to use the Andrew Lessman ProCaps mark, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), as shown by the attached USPTO TSDR Status Records, attached hereto as **Exhibit H**.

28.     In addition to Plaintiffs' registered ProCaps Marks, Plaintiffs own and use in commerce numerous common law trademarks incorporating ProCaps, with or without additional terms and/or designs, and in various forms, iterations, styles, and designs in connection with a broad range of goods and services, which marks have not yet been registered with the USPTO.

29.     Plaintiffs' ProCaps Marks are strong, famous marks entitled to a wide scope of protection for retail and online retail nutritional supplements and related goods and services.

30.     Each of the registered ProCaps Marks is valid and subsisting on the Principal Register and has been since their respective registration dates.

31.     The ProCaps Marks are inherently distinctive, which, through their substantial consumer recognition and its extensive and exclusive use by Plaintiff in the United States (including Florida), are exceptionally well known and famous both within Plaintiffs' particular market segment and among the general consuming public throughout the United States, including Florida.

32.     Plaintiffs' ProCaps Marks have acquired and enjoy fame, distinctiveness, and substantial secondary meaning signifying the goodwill and residual goodwill associated with and symbolized by the ProCaps Marks.

33.     The ProCaps Marks have generated and continue to generate valuable goodwill and residual goodwill, and continuous and unabated fame for ProCaps based on public, consumers, third party, and business perception and understanding that ProCaps owns exclusive rights to the

ProCaps Marks.

       **C.**     **Defendant's Willful Violation of the ProCaps Marks**

34.     Despite the ProCaps Marks, Defendant Procaps Group has chosen to enter the United States market and use the ProCaps name to sell a line of "pharmaceutical and nutraceutical solutions." Procaps Group, Procaps Group, https://bit.ly/3D7J4AG (last visited March 22, 2024). Procaps Group's use of the ProCaps name in the United States to sell products similar to ProCaps in similar channels of trade is unfair competition and a plain infringement of Plaintiffs' common law and federally registered marks.

35.     ProCaps has never authorized Defendant to market, sell, promote, or resell any products or services using the famous ProCaps Marks or any other component of the ProCaps brand.

36.     Defendant has nevertheless violated Plaintiffs' rights and demonstrated its willful intent to confuse consumers, trade on Plaintiffs' goodwill in the ProCaps Marks, unfairly compete, and falsely suggest affiliation between Plaintiffs and Defendant and its goods, including by selecting and using the symbol "PROC" to list its shares on the Nasdaq Stock Market.

37.     Defendant has further violated the ProCaps Marks through its operation of multiple websites. The first result of a Google search for "procaps" is the website for ProCaps Laboratories; however, the second is the website of Defendant Procaps Group, https://www.procapsgroup.com, which prominently describes Procaps Group as "a developer of pharmaceutical and nutraceutical solutions, medicines, and hospital supplies that reach more than 50 countries in all five continents."

38.     Other searches produce similar results. A search for "procaps nutrition," for example, returns websites maintained by ProCaps but also multiple results for Procaps Group and its affiliate, Funtrition. The same is true of searches for "procaps health" and "procaps supplements," which include results for Softigel, another affiliate of Procaps Group.

39.     In addition to the Procaps Group website, Defendant maintains the website softigel.com, which promotes Softigel as a company affiliated with Procaps Group that offers "health and nutrition solutions through our advanced softgel technologies."

40.     Defendant also maintains the website funtrition.com, which promotes Funtrition as a producer of "gummies" and "part of Procaps, a pharmaceutical group dedicated to delivering innovation, health, and nutrition." The advertisement of gummies on the Funtrition website, and their affiliation with the Procaps Group, is particularly harmful to the ProCaps marks because gummies are known to contain sugars and artificial flavors and ingredients, contrary to the philosophy and reputation of ProCaps products.

41.     Defendant also appeared as "ProCaps" at the 2022 SupplySide West Conference and the 2023 SupplySide West Conference, an annual trade show for the dietary supplement, beverage, functional food, personal care, and sports nutrition industries. At these Conferences, ProCaps' suppliers confused Defendant's booth with ProCaps' business.

42.     On October 30, 2023, ProCaps sent written notice advising Defendant of its infringement of the ProCaps Marks and demanding that Defendant immediately cease and desist from its infringement of ProCaps' intellectual property, including use of the federally registered ProCaps Marks and any similar or derivative mark in the United States. Defendant responded on November 30, 2023, but as of the date of this Complaint, has made no changes to its conduct.

43.     On information and belief, Defendant intends to capitalize on the active and/or residual goodwill and fame of ProCaps' established brand and to willfully and intentionally create a likelihood of confusion, thereby deceiving consumers and engaging in unfair trade practices with respect to Plaintiffs' registered marks.

44.     Defendant's use of the ProCaps Marks unavoidably leads to confusion among

customers about the source of its products, damaging ProCaps through lost sales and reputational injury. Not only would a reasonable consumer be confused by Defendant's use of the ProCaps Marks, ProCaps' call center has received calls from customers expressing confusion.

45.     Defendant's use of the ProCaps Marks also dilutes, either by blurring or tarnishing the ProCaps Marks, thereby threatening ProCaps's goodwill and investment therein.

46.     Defendant's use of the Disputed Domain Name also misdirects customers looking for the genuine ProCaps brand on the Internet, and likely prevents a significant number of consumers from locating ProCaps products.

47.     Plaintiff seeks relief from this Court to prevent Defendant from freeriding on the active and/or residual goodwill in the ProCaps Marks, thereby damaging Plaintiff.

## COUNT I

### Trademark Infringement
### 15 U.S.C. § 1114 *et seq.*

48.     Plaintiff repeats and realleges all above allegations as though set forth herein.

49.     Plaintiff owns and has exclusive rights in U.S. Trademark Registration No. 1878198 for the mark ProCaps, for "Vitamins and dietary supplements"; U.S. Trademark Registration No. 6260327 for the mark Andrew Lessman ProCaps Laboratories, for "Dietary supplements; Dietary supplements for human consumption; Dietary supplements for pets"; U.S. Trademark Registration No. 6063068 for the mark Andrew Lessman ProCaps Labs, for "Vitamin supplements"; and U.S. Trademark Registration No. 6052794 for the mark Andrew Lessman ProCaps, for "Dietary supplements; Dietary supplements for humans and animals; Dietary and nutritional supplements; Dietary food supplements; Herbal supplements; Mineral supplements; Nutritional supplements; Vitamin supplements."

50.     There is no issue as to priority of use in the United States, including Florida, of the

Plaintiffs' marks. Plaintiffs' priority filing date and dates of first use and first use in commerce of Plaintiffs' ProCaps Marks are substantially prior to Defendant's use of the Procaps Group mark.

51.     Defendant's Procaps Group mark is similar to Plaintiffs' ProCaps Marks for similar products and services, namely, the marketing and sale of dietary supplements.

52.     Upon information and belief, the infringement and/or intended infringement by Defendant has been willful and deliberate, designed specifically to trade upon the goodwill, residual goodwill, and continuing positive consumer recognition of Plaintiffs' ProCaps Marks, all associated solely and exclusively with Plaintiff.

53.     As shown herein, the goodwill, residual goodwill, continuous and unabated fame, and immediate consumer recognition of Plaintiffs' business under Plaintiffs' ProCaps Marks is of significant value.

54.     Plaintiff has and will continue to suffer irreparable harm and injury should Defendant's infringement be allowed to continue to the detriment of Plaintiffs' positive trade reputation, goodwill and residual goodwill.

55.     Defendant's infringement will continue to cause Plaintiff irreparable harm unless this Court enjoins Defendant from infringing on the ProCaps Marks.

### COUNT II

**False Designation of Origin in Violation of 15 U.S.C. § 1125(a)**

56.     Plaintiff repeats and realleges all above allegations as though set forth herein.

57.     Defendant's prominent use in commerce of their identical or substantially indistinguishable Procaps mark in connection with Defendant's marketing and sales of nutritional products constitutes a false designation of origin, and/or false and/or misleading representation of fact which is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendant with Plaintiffs' current and/or future registered

ProCaps Marks and Plaintiffs' common law ProCaps Marks; and/or (b) likely to cause confusion or mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's commercial activities, products, and/or services by Plaintiff, and as a consequence, are likely to divert customers away from and damage Plaintiff.

58.     Plaintiff has no control over the nature and quality of Defendant's goods and services. Additionally, Plaintiff has no control over the nature and quality of Defendant's licensees' goods and services. Any failure, neglect, and/or default by Defendant or Defendant's licensees in providing such goods and services under Defendant's ProCaps Group mark will: (a) reflect adversely on Plaintiff as the believed source of origin thereof; (b) hamper efforts by Plaintiff to continue to maintain and protect its outstanding reputation for high quality goods and services; (c) cause Plaintiff to expend time, effort, and resources in remedial advertising and marketing to correct the resulting consumer confusion which ultimately caused lost sale; and (d) severely damage Plaintiffs' goodwill, residual goodwill, and positive consumer recognition, all causing irreparable harm to Plaintiff.

59.     Defendant's use in commerce or intended use in commerce of Defendant's ProCaps Group mark is highly likely to cause confusion and false designation of origin in the trade, consumers, and among the public.

60.     Defendant's violation of Section 43(a) of the Lanham Act is and was intentional and willful and/or imminent.

61.     As a direct and proximate result of the likely confusion, mistake, or deception, ProCaps has and will continue to suffer irreparable harm unless this Court enjoins Defendant.

## COUNT III

### Federal Trademark Dilution
### 15 U.S.C. § 1052(c)

62.     Plaintiff repeats and realleges all above allegations as though set forth herein.

63.     The ProCaps Marks are distinctive and famous per 15 U.S.C. § 1125(c) and became

famous before Defendants began using the Procaps Group marks.

64.     The famous ProCaps Marks have been advertised and used throughout the United

States and Florida and are highly recognizable within the relevant industry and by the consuming

public.

65.     Further, Plaintiff actively polices the use of the famous ProCaps Mark by third

parties.

66.     Defendant's actions are disparaging and damaging, and they are likely to cause

dilution of the famous ProCaps Marks through, at the very least, blurring, impairing the

distinctiveness, and/or tarnishing of the famous ProCaps Marks in violation of 15 U.S.C. § 1052(c).

67.     Defendant's actions dilute by tarnishing the famous ProCaps Marks by, at least,

using the Procaps Group marks generally, as well as using the ProCaps Marks to advertise and sell

goods and services that do not live up to the high standards set for goods and services offered

under the famous ProCaps Marks.

68.     As a result of Defendant's dilution, ProCaps has suffered, and will continue to

imminently suffer, irreparable injury and substantial damages, while Defendant has been, and will

continue to be, unjustly enriched, unless Defendant's conduct is enjoined.

69.     Defendant's dilution of the famous ProCaps Marks is and was intentional and

willful.

70.     The dilution of the famous ProCaps Marks caused by Defendant violates Section

-14-

43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV

### False Designation of Origin and Unfair Competition
### Florida Common Law

71.     Plaintiff repeats and realleges all above allegations as though set forth herein.

72.     Plaintiff owns all rights, title, and interest in and to the ProCaps Marks, including all common law rights in such marks.

73.     Defendant, without authorization from Plaintiff, has used and continues to use marks that are similar to Plaintiffs' ProCaps Marks for similar products and services, namely, the marketing and sale of dietary supplements.

74.     There is no issue as to priority of use in the United States, including Florida, of the Plaintiffs' marks. Plaintiffs' use in commerce of Plaintiffs' ProCaps Marks is substantially prior to Defendant's use of the Procaps Group mark.

75.     Upon information and belief, the infringement and/or intended infringement by Defendant has been willful and deliberate, designed specifically to trade upon the goodwill, residual goodwill, and continuing positive consumer recognition of Plaintiffs' ProCaps Marks, all associated solely and exclusively with Plaintiff.

76.     As shown herein, the goodwill, residual goodwill, continuous and unabated fame, and immediate consumer recognition of Plaintiffs' business under Plaintiffs' ProCaps Marks is of significant value.

77.     Plaintiff has and will continue to suffer irreparable harm and injury should Defendant's infringement be allowed to continue to the detriment of Plaintiffs' positive trade reputation, goodwill and residual goodwill.

78.     Defendant's acts constitute trademark infringement in violation of Florida common

law.

79.     Defendant's infringement will continue to cause Plaintiff irreparable harm unless this Court enjoins Defendant from infringing on the ProCaps Marks.

## COUNT V

### False Designation of Origin and Unfair Competition
### Florida Common Law

80.     Plaintiff repeats and realleges all above allegations as though set forth herein.

81.      Defendant's conduct and use of the Procaps Group mark constitutes false designation of origin, false or misleading descriptions of fact, or false representations of fact, which are likely to cause confusion or mistake, or to deceive as to affiliation, connection, or association with Plaintiff, in violation of Florida common law.

82.     Defendant has engaged in this conduct knowingly, willfully, and in bad faith, justifying the assessment of increased, exemplary, and punitive damages against Defendant in an amount to be determined at trial.

83.     Defendant's unlawful and willful conduct has caused, is causing, and will continue to cause Plaintiff irreparable injury and monetary damages.

84.     Defendant's conduct has harmed Plaintiffs' reputation and goodwill in the ProCaps Marks.

85.     Defendant's conduct has caused and will continue to cause great and irreparable injury to Plaintiff.

86.     Unless Defendant's conduct is restrained by the Court, Defendant's conduct and unfair business practices will continue, and Plaintiff will continue to suffer great and irreparable injury.

87.     Plaintiff has no adequate remedy at law.

<u>**COUNT VI**</u>

**Violation of Florida Deceptive and Unfair Trade Practices**
**Fla. Stat. § 501.201, *et seq*.**

88.     Plaintiff repeats and realleges all above allegations as though set forth herein.

89.     Defendant's adoption and use of the Procaps Group mark infringes Plaintiffs' ProCaps Marks and other related intellectual property, has intentionally caused a likelihood of confusion among the public, consumers, and nutritional supplements industry, and otherwise constitute deceptive practices in violation of the Florida Deceptive and Unfair Trade Practices Act and constitutes deceptive and unfair trade practices in violation of Fla. Stat. § 501.201, et seq.

90.     Upon information and belief, at all relevant times, Defendant allegedly solicited, advertised, offered, and intended to provided goods and services and, thereby, was engaged in trade or commerce as defined in Fla. Stat. § 501.203.

91.     At all relevant times, Plaintiff was a consumer as defined in Fla. Stat. § 501.203.

92.     Defendants have engaged in this conduct knowingly, willfully, and in bad faith, justifying the assessment of increased, exemplary, and punitive damages against Defendants, jointly and severally, in an amount to be determined at trial.

93.     Defendant's unlawful and willful conduct has caused and is causing Plaintiff irreparable injury and monetary damages.

94.     Defendant's conduct has harmed Plaintiffs' reputation and goodwill in the ProCaps Marks and other related intellectual property.

95.     Defendant's conduct has caused and will continue to cause great andirreparable injury to Plaintiff.

96.     Unless Defendant's conduct is enjoined or restrained by the Court, it will continue, and Plaintiff will continue to suffer great and irreparable injury.

97.     Plaintiff has no adequate remedy at law.

**COUNT VII**

**Cybersquatting**
**15 U.S.C. § 1125(d)**

98.     Plaintiff repeats and realleges all above allegations as though set forth herein.

99.     Upon information and belief, Defendant registered, intends to use, has used, and continues to use the Disputed Domain Name, <procapsgroup.com>, which is confusingly similar to, deceptive, and dilutive of Plaintiffs' famous ProCaps Marks, with a bad faith intent to profit from the goodwill, residual goodwill, reputation, and fame of Plaintiffs' ProCaps Marks.

100.    Plaintiffs' famous ProCaps Marks are distinctive and famous at the time of Defendants registration of the Disputed Domain Name, <procapsgroup.com>.

101.    Defendants were fully aware of Plaintiffs' rights in the Plaintiffs' famous ProCaps Marks prior to, and at the time of, its registration of the Disputed Domain Name, <procapsgroup.com>.

102.    The Defendant uses the Disputed Domain Name, < procapsgroup.com> to host a series of webpages offering goods and services using Defendant's Procaps Group mark that is identical or closely related to, or within the zone of natural expansion of, those offered by Plaintiff under Plaintiffs' famous ProCaps Marks.

103.    The Defendant's registration and use of the Disputed Domain Name, <procapsgroup.com>, violates the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), and was and is done willfully, in bad faith, and without any legitimate business purpose.

104.    Defendant's willful and intentional violation of the ACPA entitles Plaintiff to statutory damages of up to $100,000 pursuant to the Lanham Act, 15 U.S.C. § 1117(d).

105.    As a direct and proximate result of the likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For an entry of judgment in favor of Plaintiffs and against Defendant on each of Plaintiffs' claims for relief alleged in this Complaint;

2.    A permanent injunction restraining Defendants and their directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliates, dealers, distributors, and all others in active concert, privity, or participation with, or under any of them in perpetuity from any and all of the following:

     a.    Committing any acts of infringement, dilution, counterfeiting, cybersquatting, unfair competition, or deceptive trade practices concerning the ProCaps Marks;

     b.    Adopting and filing intent-to-use ("ITU") trademark application with the USPTO for any mark previously used, allegedly abandoned, applied for, and/or registered by Defendants, a prior unrelated owner, applicant, registrant, and/or successor to Defendants;

     c.    Falsely claiming ownership and/or licensing any mark previously used, allegedly abandoned, applied for, and/or registered by a prior unrelated owner, applicant, registrant, and/or successor to Defendants;

     d.    Creating a likelihood of confusion with any mark previously used, allegedly abandoned, applied for, and/or registered by a prior unrelated owner,

registrant, and/or successor to Defendants;

e.  Deceptively creating a false and misleading commercial impression (15 U.S.C. § 1052(a));

f.  Implying a false designation of origin or a false description or representation with respect to the ProCaps Marks;

g.  Applying to register, registering, or maintaining a registration for the ProCaps Marks or any marks confusingly similar to the ProCaps Marks;

h.  Using in any manner packaging, labels, signs, literature, display cards, Internet websites, domain names, social media accounts, hashtags, or other packaging, advertising, or promotional materials, or other materials, including without limitation Defendant's machinery, buildings, equipment, or vehicles, related to or referencing Defendant's goods or services, bearing the ProCaps Marks or any other mark, word, or name that is confusingly similar to the ProCaps Marks, including, without limitation using the symbol "PROC" to list its shares on the Nasdaq Stock Market;

i.  Making any statements on promotional materials, websites, or in advertising for Defendant's goods or services that are false and/or misleading as to source, origin, or affiliation with, sponsorship by, or connection to ProCaps or the ProCaps Marks.

3.  An order requiring Defendant to surrender for destruction all products, style guides, web pages, labels, advertisements, promotional material, and other materials constituting infringement of Plaintiffs' designation of origin and infringement of the ProCaps Marks;

4.  A determination that Defendant's acts of trademark infringement constitute cases

of willful and exceptional infringement.

5.      An award requiring Defendant to pay Plaintiff all profits and damages resulting from Defendant's wrongful activity complained of herein, or in the alternative an award of all available statutory damages including without limitation damages in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name pursuant to 15 U.S.C. § 1117(d).

6.      An award of Plaintiffs' costs and expenses, including, without limitation, reasonable attorney's fees as provided by 15 U.S.C. § 1117; and

7.      All other relief, in law or in equity, to which Plaintiffs may be entitled, or which the Court deems just and proper.

/ / / /

Dated: March 26, 2024                    Respectfully submitted,

                                         By: /s/ *Elizabeth Brannen*
                                         Elizabeth Brannen (FL Bar No. 117629)
                                         ebrannen@stris.com
                                         STRIS & MAHER LLP
                                         111 N. Calhoun Street, Suite 10
                                         Tallahassee, Florida 32301
                                         Telephone: (213) 995-6809
                                         Facsimile: (213) 261-0299

                                         *Attorneys for Plaintiffs*
                                         *Andrew Lessman & ProCaps Labs*

*Of Counsel*


Jonathan Cohn
(*pro hac vice* forthcoming)
jon@lkcfirm.com
Gabriela Gonzalez-Araiza
(*pro hac vice* forthcoming)
gabriela@lkcfirm.com
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW
Washington, DC 2001
(512) 693-8350

Matthew H. Frederick
(*pro hac vice* forthcoming)
matt@lkcfirm.com
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701