UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80368-ROSENBERG

ANDREW LESSMAN, et al.,

    Plaintiffs,

v.

PROCRAPS GROUP, S.A.,

    Defendant.

    _____/

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 23. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Defendant argues that this case should be dismissed because the Plaintiffs have failed to allege a basis for personal jurisdiction over the Defendant. To allege personal jurisdiction, the Plaintiffs contend that the Defendant does business in Florida and committed a tort in Florida.

To plead that the Defendant does business in Florida, the Plaintiff relies upon two non-conclusory allegations.[1] The first is that the Defendant purchased a pharmaceutical production facility in Florida. But as the Defendant points out, a different company—not the Defendant—purchased the facility.[2] At best, therefore, the Plaintiffs have pled that a company owned or controlled by the Defendant purchased property in Florida, but it is clearly established law that a parent company does not submit to personal jurisdiction in a state merely because its subsidiary

---

[1] In addition to utilizing conclusory allegations that track the language of Florida's personal jurisdiction statute, the Plaintiffs rely extensively on "upon information and belief" allegations. DE 1 at 12. "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the [federal pleading] standard." *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018).

[2] The Court takes judicial notice of the owner of record of the property. *See* DE 23 at 5 n.2.

does so, *Greystone Tribeca Acquisition, LLC v. Ronstrom*, 863 So. 2d 473, 475-76 (Fla. Dist. Ct. App. 2004), which brings the Court to the Plaintiffs' next non-conclusory allegation.

Second, the Plaintiffs allege that the Defendant's public filing with the Securities and Exchange Commission shows that the Defendant does business in Florida. For example, the Plaintiff quotes from the filing that: "We have made several acquisitions in recent years, such as the U.S.-based Softgel production facility and R&D center located in West Palm Beach, Florida." DE 26 at 10. But as the Defendant points out, the first page of the SEC filing clarifies that the statements utilizing "we" are not made on behalf of the Defendant. Instead, such statements are "references to . . . the Company **and all its consolidated subsidiaries**." DE 31 at 3 (emphasis added).

Finally, the Plaintiff argues that it has alleged that the Defendant has committed a tort in Florida—trademark infringement. But case law is clear that the injury for trademark infringement accrues in the home state of the plaintiff. *E.g., Hartoy Inc. v. Thompson*, No. 02-CIV-80454, 2003 WL 21468079, at *2 (S.D. Fla. Jan. 29, 2003). The Plaintiffs' home state is Nevada, not Florida. The Plaintiffs' Complaint does not explain how the Defendant (as opposed to one of its subsidiaries) committed a tort within the boundaries of Florida, particularly since the Defendant is alleged to be a Luxembourg company operating in Colombia.

For all of the foregoing reasons, the Court is persuaded that the Plaintiffs have failed to plead a basis[3] for the Defendant to be subject to personal jurisdiction in Florida, and the Defendant's Motion to Dismiss is granted on that ground. The Court expresses no opinion on the Defendant's request for a *forum non conveniens* transfer or the legal sufficiency of the Plaintiffs'

---

[3] The Plaintiffs argue that personal jurisdiction is proper under Rule 4(k) of the Federal Rules of Civil Procedure, but the Plaintiffs did not plead that basis in their Complaint. If the Plaintiffs wish to rely upon Rule 4(k), they should plead that basis.

claims.  Those matters may be argued again in any renewed motion to dismiss.  The Plaintiffs shall file an amended complaint within seven days of the date of rendition of this Order.

       **DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of August, 2024.

Copies furnished to:  
Counsel of record

                                        ROBIN L. ROSENBERG  
                                        UNITED STATES DISTRICT JUDGE